UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER SUPINA, | ) | CASE NO. 1:19-cv-1872 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ANDREW SAUL, COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the amended joint stipulation of the parties for an award to plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), of $3,600 in attorney's fees. (Doc. No. 17.) For the reasons set forth herein, the stipulation is approved.

## I. BACKGROUND

On August 16, 2019, plaintiff filed this action seeking judicial review of defendant's denial of her application for a period of disability and Supplemental Security Income. (Doc. No. 1.) On April 7, 2020, this Court vacated the administrative decision and remanded to the Commissioner for further proceedings. (Doc. No. 14.) The parties filed their amended joint stipulation for an award of attorney's fees pursuant to the EAJA on April 29, 2020. (Doc. No. 17.)

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not

substantially justified, and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'").

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted by the parties shows 21.25 hours of legal services performed between July 31, 2019 and December 30, 2019, including the typical legal services of reviewing the administrative transcript, conducting legal research, drafting briefs, and the like. The Court finds the number of hours claimed and the nature of these legal services to be reasonable.

The amended stipulation for attorney's fees seeks an award of $3,600, which represents a compromise from the $4,037.50 that plaintiff's counsel originally requested. The stipulated amount ($3,600), divided by the number of hours for legal services rendered (21.25) results in an hourly rate of $169.41. Again, this amount represents a compromise from plaintiff's counsel's ordinary billing rate of $190.00 per hour. But even the compromised rate would be an upward departure from the $125.00 statutory cap. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n. 4, 122 S. Ct. 1817, 152 L. Ed. 2d 996

(2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living … justifies a higher fee.'") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The Court finds that the $3,600 stipulated award is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). As the parties recognize in their stipulation, this award will be in full satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine, within 30 days from the date of this order, whether plaintiff owes any pre-existing debt to the United States, to offset any such debt against the award granted herein, and to direct payment of the award (or the balance thereof) to plaintiff's attorney.

### III. CONCLUSION

For the reasons set forth herein, the Court approves the parties' joint stipulation (Doc. No. 17) for an award to plaintiff pursuant to 28 U.S.C. § 2412 in the amount of $3,600 in attorney's fees, and this amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: May 6, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**